## H. W. Haynie v. The State.

No. 13674.   Delivered November 26, 1930.
Rehearing denied January 7, 1931.
Reported in 34 S. W. (2d) 285.

The opinion states the case.

*L. A. Dale* and *Rutledge Isaacks,* both of Pecos, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty years in the penitentiary.

We feel it our duty to call attention to the fact that there are about sixty pages of the transcript in this record which have no place therein, being a complete transcription of the proceedings had on a former trial of this case, including all the bills of exception then taken as well as a copy of the opinion of this court reversing

the case on a former appeal. To copy all this in this record is but to encumber same, make it confusing, and certainly same should not be placed therein at the expense of the State.

The facts in this case are deemed sufficient. There was no denial that appellant shot and killed deceased. The theory of appellant appears to be that he was in such condition of mind at the time of the killing as to make same amount only to manslaughter. The solution of this question was for the jury upon the facts.

Defense witness Nevill testified that he saw the beginning of a fight between appellant and deceased which seems to have shortly preceded the shooting,—that appellant hit deceased over the head with a hammer, the two clinched and deceased choked appellant. The facts further show that deceased was treated shortly after this for a head wound and left the doctor's office going toward a barbershop. State witnesses testified that they saw him go into appellant's restaurant shortly after this and sit down on a stool and put both arms up on a newspaper lying on the counter before him, and that almost immediately the shooting began. Appellant emptied his pistol into the body of deceased, who seems to have had no weapon. Dr. Moffett testified there were seven wounds on said body. We can not agree to appellant's contention that a verdict for more than manslaughter is not supported by the testimony.

There are two bills of exception. One complains that a private prosecutor while cross-examining a defense witness, took from a box the sweater worn by deceased when shot, and holding said sweater up, began as if to question the witness about the sweater,— but the defense objecting,—the sweater was put back out of sight, and the jury were instructed by the court not to consider for any purpose the clothes exhibited. The sweater was not offered in evidence. Thereafter in his closing argument the State's attorney referred to the fact that one of the bullet holes in the body of deceased was through his hand, and that Mrs. Hadden (defense witness) had sworn that when deceased came into the restaurant shortly before the shooting, he had his hand in his sweater pocket. The district attorney further said:

"If that bullet hole was put in his hand while in his pocket, there would be a hole in his pocket. Where is that pocket?".

This argument was objected to on the ground that the sweater had not been placed in evidence. The court instructed the jury not to consider the argument. We fail to see the injury of such argument. On a former appeal of this case this court held it proper to introduce said sweater in evidence. Haynie v. State, 21 S. W.

(2d) 724. On the instant trial it appears that the sweater worn by deceased at the time he was killed was present at the trial and hence necessarily subject to use as evidence by appellant. It is not shown that the State offered same in evidence. Appellant's witness having sworn that just before the shooting deceased had his hand in said sweater pocket, and it being further shown that deceased was shot through that hand, it would appear material as corroborative to that side of the controversy favored by what exhibition of the sweater to the jury would reveal, viz.: favorable to appellant if the sweater had a hole in its pocket, and to the State if it had none. The sweater being present, and the defense having failed to use same or make any effort to use it to show that there was a hole in said pocket, we do not think it erroneous for the prosecutor to make the argument referred to. What was said to the jury by said prosecutor after the court instructed them not to consider said argument, was clearly within the rules.

The remaining bill of exception sets out a portion of the argument of State's attorney, objection to which was made in solido. That most of the statement set out is without possible objection, is clear. The only part of said argument which could afford any semblance of ground for objection in that same referred to the failure of appellant to testify as a witness, was as follows:

"With the exception of two witnesses, whom I shall name in a minute, the defense has shown nothing on earth—not one thing to justify this homicide, and it is not denied by the defense that he killed him."

The record showing by all the witnesses both for the State and defense that appellant killed deceased, and that this fact was not denied by any defense witness or his counsel, we think it unnecessary to enter into a discussion or analysis to make plain our conclusion that this statement in the argument had no reference to any personal failure of appellant to testify.

The judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—A re-examination of the bills of exception in view of appellant's motion fails to impress us that our former disposition of this appeal was erroneous.

The motion for rehearing is overruled.

*Overruled.*